the next case is number two two one one two four dana chang at all versus dan neumann at all at this time what attorney bakes please come up to the podium and introduce himself on the record to begin good morning christopher bakes representing appellants yes again thank you uh... this is a case of course concerning whether or not uh... this court's uh... ruling in gordon v shanks was correctly applied in the case involving dana chang at a time set out versus uh... newman of the main beacon uh... the appellate position is that the restatement was misapplied ellipses were used instead of recitations of the key factors that allow disposition of the restatement questions and the district court relied on going to create an anomaly we do not believe this court would intend to be normally is that the uh... whether the main court determined to apply under choice of law principles new york law of course on on anti-slap law where a new york court would not apply for the new york district court would not apply it on second circuit authority the goal of the restatement of course is unity if you will consensus the goal of federalism is uniformity of outcome the goal of district court in this case should have been the same and looking to go to be shanks this course go to be shanks the court should have noted that that court the court applied the forum's own anti-slap law of course the reason that we reach the anti-slap issue at all is because it's a matter of public concern as all anti-slap laws are geared to addressing that consideration going out of the restatement this issue is a matter of public concern in maine applying what the district court did not apply and for which it substituted ellipses this was a main newspaper attacking somebody that it was quite familiar with attacking with a sort of frenzied application of all sorts of negative imagery brought to bear as facts not opinion the newspaper itself presents itself as a source of factual information the suggestion by the district court was well this is values laden journalism i suggest that's part of the problem journalism is a noble profession of course individual reporters can sometimes go into frenzies and we therefore have the law of defamation to temper that the law of defamation was brought to bear in this case because of what the district court itself referred to as approprious evidence brought to bear against a professional journalist a witness to events at the capitol ugly events at the capitol on january 6th and given the political orientation of that particular newspaper in its values laden journalism and i pause to say that because i think that's a dangerous concept it brought to bear all of the ugliest possible imagery against a fellow member of the journalistic community it was a dangerous incitement it was intended as fact and it all occurred in maine the main republican party the main beacons long-standing enmity against the and even if you will the concept of traditional liberalism what about the use of the internet because that's something the judge looks when looking at the restatement of conflicts and she says well there's here there's certainly use of it got disseminated through the internet so maine choice of law doesn't apply may i suggest your honor that the internet was incidental to this we could all we may all have a blog on the internet that doesn't suggest that we are out to persuade people in illinois that uh... what they should do or not the internet was incidentally involved the by a main paper involving the main republican party main main main main main uh... council if i may the opening of your brief is uh... very powerful you are say your client has been defamed uh... by the defendants by a claim that she directly participated in the u.s. capital violence on january 6th leaving the false impression she is a trump extremist who participated in the violence at the capital to overthrow the election results and then your next emphasis is on the labeling of her as an anti as a conspiracy theorist as to a couple of things including vaccines the opening argument you make is that the district court should have applied the federal rules of civil procedure and not an anti-slap act so let's take it as a rule 12 motion uh... just since we're engaged in de novo review anyway okay so under rule 12 we look at the pleadings we look at what has been incorporated into the pleadings including your providing the defamatory article and then the judicial notice i think of the article of the transcript of the radio interview which uh... the defendants also relied on okay so those matters are all properly before the district court can we agree on that? on a 12b6 yes your honor okay so then the next question is putting aside this anti-slap law whether under the well established first amendment standards which have been incorporated into most anti-slap statutes the various elements are pled okay so can we start with the question of the district courts findings that these statements were either true or not statements of fact or statements of opinion except for one statement about who contributed to your clients who funded your clients publication which was quickly withdrawn so i'm going to just drop that out of the case okay so let's go back to what is your best argument that there was a statement which was false or which was a not a statement of fact it was a statement of fact despite the district court saying it was a statement of opinion okay so what's your best case on that portion of the district court's opinion well your honor if I can please you mentioned 12b-6 because of course 12b-6 resolves all presumptions in favor of the pleader slash plaintiff the other point is I think that the district court did a disservice to us all by applying a proof standard and a clear and convincing evidence standard I agree that that is a troublesome aspect of the district court opinion but it does not excuse us from the obligation to look then at the materials and determine whether regardless of that unfortunate statement these statements were either true or they were expressions of opinion or they were simply not defamatory that's the first burden then we have to get to actual malice and whether your client is at least a limited purpose public figure but I would really like to start with what exactly do you say is false and not a statement of error I think the other disservice that the district court did was to limit and be extremely selective in making findings which it should not have done I'm sorry, that's an argument I don't understand because if you want this treated as a 12b-6 and not a rule 56 motion I don't see how you can ask that we look at materials beyond those that I've described as directly part of the 12b-6 analysis I apologize if I created the impression that that's what I was asking that's not what I was asking your honor I was about to discuss I took the point that the district judge maintained that he could find no evidence that we had alleged or properly pleaded that the statements were false so I went through the exercise of identifying each paragraph in the complaint where we went into great detail no, no, no, no, please I'm sorry, perhaps I've been unclear but the precise statements in the publication you are attacking as defamatory which precise statements do you say are false? all of them in their totality they each feed on the other and according to the law of defamation of course we can look to the totality to see if any particular statement is energized by any of the other statements what's the false statement that results from looking at it all together? what is the statement about the world that you're saying is false? that Ms. Chang was prone to violence that she was present in a violent capacity that day one might expect that from one journalist to another we may have had some nuanced appreciation for her role as a journalist at the end of the article but it didn't we can rely on not just the well we should not be relying and parsing each individual statement which case law both in New York and Maine warn against we can look to the totality and then what does that totality do to the individual statements? the individual statements in their totality maintained she was a violent anti-People's Republic of China woman who was preaching the evils of vaccinations the wonders of QAnon all of the talking points that we may associate with the newspaper that the president of the Maine Senate has criticized as being on just that type of if you will witch hunt and the deliberate attempt just to go back to Judge Lynch's question we need to if we're going to find that there was an allegation of falsity pin down what you're saying was false and we've got a district court saying I don't see anything false because it's just all statements of characterization or opinion you say that's not right and rather than saying here's statement X that's a statement of fact you're saying as you're entitled to do no single statement in and of itself might be a statement of fact but the totality of them together produces a statement of fact that's false so it would be helpful to know what is the statement of fact that they produce that you would like us to evaluate whether that is in fact a statement of fact that she was present as a violent instigator now you say so you've got so far you've said prone to violence violent anti PRC PRC and now you've got what was the one you just said violent instigator violent instigator somebody who was there in her capacity not as a journalist but as a violent is there a crisp statement in the complaint of what the false statement is yes we do identify each of the false statements that she was now you're saying each statement that's in the complaint is false but I thought you were telling us that's not the right way to look at it no single statement you're claiming is itself false but collectively they yield a false statement about her trying to figure out what it is so I think there's a conundrum whenever we argue defamation cases the natural tendency is to parse them if there are multiple statements involved I'm fine not parsing them but then I need to know what is the totality that they yield so I can then evaluate whether that you are the plaintiff yes you're claiming that a statement was made about your client that was false yes there is a contention on the other side that no statement of fact was made just a characterization so can I tell from the complaint what the false statement is that you're saying that was made yes what is it Ms. Chang was present as a violent participant in the January 6th violent assault on the Capitol okay okay let me pursue that I think in your brief you refer to the statement that she was present on January 6th and was among the demonstrators okay so I take it you think the word among leads to an inference that she was a violent participant and not there in her capacity as a journalist is that the argument? it is not the argument it is a very small step from the use of that word to reach the point that we advocate the court reach which is that the main beacon does not get the benefit of extracting a single word and evaluating that word without the rest of the articles intent to smear the okay now this is a different argument that they should have included other facts which they did not include am I correct about that? I would not suggest your honor that we are advocating that as a critical piece of our case that it should have said more what it should have said was the truth the accurate truth and specifically that Ms. Chang was a journalist present in her capacity as a journalist not as a participant and certainly not linked to all of the other linkages that that author wrote to encourage its readers to accept this so if I understand the idea is that if all that was said was that she was among the supporters of the former president at the rally you would not say that alone as a statement conveys the statement of fact that she was a violent participant in the assault but I take it you're saying given the other ways she's described in the main beacon article it's only fair to infer that the main beacon is saying as a fact that she was there in that capacity correct so what are the other pieces that you are alleging are contained in the main beacon that when we combine with the statement that she was among the supporters of the former president that day suggests that what the main beacon is trying to convey is that she was a violent participant that day so if I could take your honor statement specifically that she was a Trump supporter present presumably in that capacity the clear thrust of the article that remember we have another plaintiff here and that is the epic times you know with which Ms. Chang is associated but the attempt was was to smear them both and to attribute to them both a decadent ugly ideological form of reporting that is untrue and shouldn't be relied on you just shifted now now if you're talking about a form of the statement now is about a form of reporting not about being a violent participant no I'm certainly not your honor I'm simply suggesting that as part of the problem that we all face when evaluating factor fiction in stories like these it's to assess the well for example the intent of the author what was the intent of the author was the intent of the author to convey a fair minded attitude towards Ms. Chang's participation in the epic times capacity to report the news or was the author's intent to smear and if you will defame just give me one more minute on malice and how that's alleged assuming that there's a limited public figure where is the allegation of malice I know you contest whether she is but just assume for the sake of this two minutes I would even be willing for the purpose of this argument to concede that she was a limited public figure okay so then what in the complaint supports the allegation of malice paragraphs 10 11 12 13 15 16 17 18 18 19 33 and 34 of course I worked very hard to ensure that I was prepared for that question so I wanted to read them and make certain that we had a long list of paragraphs from the complaint we can read those paragraphs and see if we think would you like me to read them no counsel thank you for leaving no I was pleasantly surprised no I said we can read okay very good we have read them so that leads me to my next question it's true you use the phrase actual malice but you know there's a lot of law that says mere incantation of magic words like actual malice is not the correct way to read a complaint in a defamation case there has to be facts that could lead to a reasonable inference of malice so instead of describing this as actual malice what are the facts that you say support that assertion of factual malice for example the reckless malice in its reckless disregard of truth form the article specifically misrepresented that Ms. Chang had reported in the radio interview that Antifa was involved and that she was stating that as a fact well she didn't say that but that's the point about false I guess what Judge Lynch and I are trying to get at is what is an allegation that it was reckless to have made that false statement. The well we of course I don't want to read my list of paragraphs again but the facts the critical facts are if you have a long history and a full context for enmity for if you will hate                        your client at the assault rather than on the grounds away from the assault. You can't very well say that there's nothing in the complaint that would suggest that it was known to your client that that was not true because as you're saying it's subsequently clarified and there was evidence before your client that would suggest she wasn't actually at the assault assuming that at the assault is fairly read to be a false statement about where she was. Do you see what I'm saying? That takes you away from the malice point and I think it puts a lot of pressure on what is your answer to whether that statement that she was at the assault is false or not. That's why Judge Lynch when she asked if you have any cases that help us with that, that seems relatively significant potentially. I will certainly look and provide you more cases if there are cases for that. As of right now the only argument on the headline was it's true. It's not an implication she was a violent protester. You have to read, building on the point over there, the entire article. You can't just read the headline and say that's false. You have to look at the entire thing. Back to what she said. But that is not the implication of the statement in the headline. Reading the headline in conjunction with the entire article, you can't read it as her being a violent participant. So his knowledge about whether she wasn't I think is irrelevant, Your Honor. Okay. So as a legal proposition you're saying the First Amendment requires that the headline not be taken in isolation but has to be understood. You have offered to provide to the Court additional briefing on this, these questions we've been asking. It will be up to Chief Judge Barron, but I would find it helpful if within 10 days each side provided supplemental briefing on that. Your Honor, and I'm perfectly happy to do that, just so I understand. We'll issue an order to make sure you know exactly what we want you to brief on that. But one step prior to that, I take it your contention is that the phrase at the assault isn't fairly taken to be a reasonable interpretation of the article. And you have to look at the way she's portrayed in the rest of the article. It doesn't say anything about her participating in any violence. Again, it shows her in front of a library, a book case. I know you want to avoid the anti-slap issue a little bit in the New York law. Judge Lynch, I know you said in the other argument you had some troublesome aspects of the district court opinion. I'd love to talk about that if the court has           the  to do that. I  think that the court has the ability to do that. I don't think that the court has the ability to do that. I don't    court has the ability to do that. Thank you. That concludes argument in this case.